| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |

-----------------------------------------------------------x

IRWIN NAYMAN,

                      Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                     17-CV-5816 (PKC)(LB)

      - against-

STARBUCKS CORPORATION,

                      Defendant.

-----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

        On October 4, 2017, Plaintiff Irwin Nayman filed this *pro se* action against the Starbucks Corporation. (Dkt. 1.) The Court dismissed Plaintiff's original complaint on December 14, 2017, because it relied on 42 U.S.C. § 2000a-3 as its basis for jurisdiction, but the complaint sought only damages and did not allege discrimination on the basis of race, color, religion, or national origin. (Dkt. 9, at 3.) Plaintiff filed an amended complaint on January 10, 2017. (Dkt. 13.) For the reasons stated below, this action is dismissed.

## BACKGROUND

        According to the Amended Complaint, Plaintiff visited a Starbucks store in Seattle, Washington on April 13, 2017. (*Id.* at 5.) Plaintiff alleges that, after he made a purchase and while he was sitting in the store, a Starbucks employee demanded that he leave in a "loud, aggressive and bullying" manner. (*Id.* at 5-5A.) The next day, Plaintiff contacted the store manager who "claimed that [the] location ha[d] issues with violent people, and her employee mistook [Plaintiff] for one who had been to the store." (*Id.* at 5A.) Plaintiff alleges that "[t]he incident caused [him] emotional distress and humiliation. . . . In addition, Starbucks singled [him] out and discriminated against [him] by ordering [him] from the store." (*Id.*) Plaintiff alleges "Intentional Infliction of Emotional Distress" and seeks $25,000 in damages. (*Id*. at 4, 6.)

**DISCUSSION**

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, any plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

Plaintiff's amended complaint must be dismissed for two reasons. First, Plaintiff alleges "intentional infliction of emotional distress" as a basis for jurisdiction. Although this cause of action may be actionable under state law, it does not implicate any federal provision that would provide a basis for federal question jurisdiction. *See Fisher v. White*, 715 F. Supp. 37, 39 (E.D.N.Y. 1989). Second, even though Plaintiff alleges that the citizenship of the parties is diverse, his requested damages amount does not meet the amount-in-controversy requirement necessary for diversity jurisdiction, and the Court cannot conceive of any possibility of recovery of more than $75,000. Thus, because the amended complaint fails to raise a question of federal law, and

fails to establish diversity jurisdiction, there is no federal subject matter jurisdiction over this action.

## CONCLUSION

The Amended Complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith and therefore *in forma pauperis* status would be denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: January 29, 2018
      Brooklyn, New York